**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT STRIDIRON,**

                                      **Plaintiff,**

    vs.                                                **5:19-CV-108**
                                                                       **(MAD/ATB)**

**COMMUNITY BROADCASTERS, LLC,**

                                        **Defendant.**

---

**APPEARANCES:**                                        **OF COUNSEL:**

**LIEBOWITZ LAW FIRM, PLLC**          **RICHARD P. LIEBOWITZ, ESQ.**
11 Sunrise Plaza, Suite 310
Valley Stream, New York 11580
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Robert Stridiron commenced this action on January 27, 2019, alleging Defendant Community Broadcasters, LLC, infringed on Plaintiff's copyright and seeking actual or statutory damages, as well as costs, expenses, and attorney's fees. *See* Dkt. No. 1. After Defendant failed to respond to proper service, Plaintiff filed a Request for Entry of Default. *See* Dkt. No. 8. Upon the Clerk's Entry of Default as to Defendant, Plaintiff filed a Motion for Default Judgment, which is now before the Court. *See* Dkt. No. 11.

### II. BACKGROUND

Plaintiff is a professional photographer who licenses his photographs to media outlets for a fee. Dkt. No. 1 at ¶ 5. Plaintiff's usual place of business is 78-28 88th Road, Woodhaven, New York 11421. *Id.* In his professional capacity, Plaintiff photographed a crime scene in Brooklyn,

New York (the "Photograph").  *Id.* at ¶ 7; Dkt. No. 1-2 at 2.  Plaintiff is the author and sole owner of the Photograph and initially published it on June 2, 2017.  *Id.* at ¶ 8; Dkt. No. 11-1 at ¶ 6.  Plaintiff then registered the Photograph with the United States Copyright Office, where the Photograph was given registration number VA 2-064-636.  *Id.* at ¶ 9.  The effective date of copyright registration was August 28, 2017.  Dkt. No. 11-1 at ¶ 6.

Defendant is a broadcasting company that operates radio stations in New York, South Carolina, and Florida, and is a limited liability company organized under New York State law.  *See* Dkt. No. 1 at ¶ 6; Fla. Dep't of State, Div. of Corps., *Application by Foreign Limited Liability Company for Authorization to Transact Business in Florida*, http://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C20 16%5C0706%5C00160026.Tif&documentNumber=M16000005335 (last visited June 4, 2019); Community Broadcasters, LLC, "About," http://www.commbroadcasters.com/about/ (last visited June 4, 2019).  In connection with Defendant's Florida Market, Defendant owns and operates a website at the URL www.CBEmeraldCoast.com.  Dkt. No. 1 at ¶ 6.

Plaintiff alleges that on Defendant's above-referenced website, Defendant ran an article titled, *Gunman shoots NYPD officer in arm, bulletproof vest before killing self*, which featured the Photograph without a license, permission, or consent from Plaintiff.  Dkt. No. 1 at ¶¶ 10, 11; *see* Dkt. No. 1-3.  On January 2019, Plaintiff commenced this lawsuit alleging Defendant infringed Plaintiff's copyright and exclusive rights to the Photograph under Sections 106 and 501 of the Copyright Act.  *See* Dkt. No. 1 at ¶ 14.  Service upon Defendant was completed by serving the New York State Department of State on January 29, 2019.  *See* Dkt. Nos. 1, 2, 6.  To date, Defendant has not filed an answer or any other response to the Complaint.

On April 4, 2019, Plaintiff requested an entry of default against Defendant. Dkt. No. 8. The Clerk of the Court entered default on April 5, 2019. Dkt. No. 9. On May 10, 2019, Plaintiff filed the present motion seeking a default judgment against Defendant pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Dkt. No. 11. Defendant has not responded to Plaintiff's motion.

### III. DISCUSSION

**A.     Default Judgment**

Once the Clerk enters a party's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (FRCP), the court may enter a judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered." *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citation omitted). The moving party must "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry to default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service." *Id*. (citing Fed. R. Civ. P. 55(b); N.Y.N.D. L.R. 55.1, 55.2) (other citations omitted).

The Second Circuit has "generally disfavored" granting default judgment because it is an extreme remedy, and while it may be efficient, the court must weigh its interest in expediency against the need to afford all litigants the opportunity to be heard. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (citing *Merker v. Rice*, 649 F.2d 171, 174 (2d Cir. 1981); *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957)). Although the Second Circuit has a clear preference for deciding cases on the merits, district courts are given discretion to assess the individual

3

circumstances of each case and grant default judgment where appropriate. *Enron Oil Corp.*, 10 F.3d at 95-96 (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991), *cert. denied*, 503 U.S. 1006 (1992); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). However, when a motion for default judgment is unopposed, the movant only needs to satisfy the "modest burden of demonstrating entitlement to the relief requested." *Rusyniak v. Gensini*, No. 5:07-CV-0279, 2009 WL 3672105, *1 n.1 (N.D.N.Y. Oct. 30, 2009) (quoting *Cossey v. David*, No. 04-CV-1501, 2007 WL 3171819, *7 (N.D.N.Y. Oct. 29, 2007)).

In this case, Plaintiff has produced evidence demonstrating Defendant was properly served in accordance with the Federal Rules of Civil Procedure and New York State laws. *See* Dkt. No. 6; Dkt. No. 11-1 at ¶¶ 8, 9; Fed. R. Civ. P. 4; N.Y. LTD. LIAB. CO. LAW § 301 (McKinney 2015). Plaintiff obtained the entry to default. Dkt. No. 9. Plaintiff's attorney filed an affidavit setting forth the salient facts of the case, including that Defendant is a limited liability company and therefore not an infant, incompetent person, or a member of the United States Military. Dkt. No. 11-1 at ¶¶ 26-28. Despite all this, the Court nevertheless finds that Plaintiff is not entitled to default judgment.

First, while Plaintiff served the summons and complaint on Defendant, nothing in the record demonstrates that he served the Filing Order as ordered by the Court. *See* Dkt. No. 3. The affidavit of service does not list the Filing Order as being served along with the summons, complaint, and civil cover sheet. *See* Dkt. No. 6. While this failure by itself might not justify the Court denying Plaintiff's motion, Plaintiff failed to comply with yet another rule. Section 2(G) of the Individual Rules and Practices of the Hon. Mae A. D'Agostino provides as follows: "In addition to the requirements set forth in the Federal and Local Rules of Civil Procedure, a party

moving for default judgment must include a certificate of service demonstrating that it has served the motion on the party against whom default is sought." No such certificate of service has been filed. Plaintiff was provided notice of these Individual Rules both in the Filing Order and through a text notice issued by the Clerk's Office. *See* Dkt. Nos. 3 & 5.

In light of Plaintiff's failure to comply with the Court's Individual Rules, the motion for default judgment is denied. *See Lent v. CCNH, Inc.*, No. 5:13-cv-942, 2015 WL 3463433, *2 (N.D.N.Y. June 1, 2015).

**B.     Statutory Fees for Copyright Infringement and Attorney's Fees**

While Plaintiff's motion for default judgment is being denied at this time, the Court will still address several outstanding issues. First, the Court notes that Plaintiff seeks the statutory maximum for the infringement of a single picture, by a media outlet in upstate New York. In similar cases, courts have found the statutory minimum of $750 to be a more appropriate award.

For example, in *Downs*, the court entered a default judgment in the plaintiff's favor when a defendant published plaintiff's copyrighted photos on its website without the plaintiff's authorization. *Downs v. Yeshiva World News, LLC*, No. 18-CV-0250, 2019 WL 1261406, *2 (E.D.N.Y. Feb. 1, 2019). The plaintiff sought $30,000 per infringement, but did not provide any information to support seeking the maximum award available for a non-willful infringement. *Id.* at *2-* 3. When the court found the record included "no evidence to distinguish this case from a case in which the minimum statutory award would be justified solely by virtue of the fact of infringement," it granted the plaintiff the minimum statutory damages of $750 per infringed work. *Id.* at *3.

Similarly, in *Mango*, the defendant published the plaintiff's copyrighted photo in an article online without the plaintiff's permission and the court entered default upon the defendant's failure

5

to defend. *Mango v. Pacifica Found., Inc.*, No. 18-CV-6318, 2019 WL 569073, *1 (E.D.N.Y. Feb. 11, 2019). There, the court declined to award the plaintiff the maximum statutory damages solely on the basis of the defendant's default. *Id.* (quoting *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721, 2019 WL 312149, *8 (E.D.N.Y. Jan. 3, 2016)). Instead, the court found an award of $5,000 was "'sufficient to compensate the plaintiff and to punish the defendant for its willful infringement' when the plaintiff 'offered no evidence regarding actual damages or the market value of the copyrighted photographs.'" *Id.* at *2 (quoting *Philpot v. Music Times LLC*, No. 16-CV-1277, 2017 WL 1906902, *1 (S.D.N.Y. May 9, 2017)).

Here, assuming that Plaintiff refiles his motion for default judgment and judgment is granted in his favor, it is unlikely the Court will be inclined to grant an award anywhere near the statutory maximum amount. Plaintiff provided no evidence that would justify such a substantial award.

As to attorney's fees, the Court takes issue with several aspects of the application. First, Plaintiff's counsel, Richard Liebowitz, contends that he is "a founding member and managing partner at Liebowitz Law Firm, PLLC, a boutique law firm which specializes in copyright enforcement of photographs and videos." Dkt. No. 11-1 at ¶ 21. He also notes that he graduated from the Maurice A. Deane School of Law at Hofstra University in 2015 and that he has "filed over a thousand copyright infringement lawsuits in S.D.N.Y. and E.D.N.Y. since January 2016 and have thereby developed an expertise in the field." *Id.* Mr. Liebowitz then claims that his hourly rate is $425, which is "'well below what other courts in this district have found as reasonable' for partners." *Id.* at ¶ 22.

First, the Court notes that in support of his claim that his hourly rate of $425, Plaintiff fails to cite to a single case from the Northern District of New York. Rather, he relies on cases in the Southern and Eastern Districts.

In this case, Plaintiff's counsel informed the Court his hourly rate is $425. Dkt. No. 11-1 at ¶ 22. Counsel indicated that this is "well below what other courts in this district have found as reasonable," but failed to cite any cases within the Northern District. *Id.* Plaintiff has not offered any evidence to demonstrate why retention of an out-of-district attorney with higher hourly rates than in-district attorneys was reasonable under the circumstances. Therefore, the Court finds the hourly rate should be based on the community in which this Court sits. Absent a showing that Mr. Liebowitz's "expertise" in this area of litigation could not be performed by an attorney in the Northern District, the reasonable hourly rate will be determined based on the rates in this District. In a similar copyright case in which the plaintiff was awarded a default judgment, the court found that an hourly rate of $250 was reasonable for an attorney with over twenty-eight years experience. *See Media, LLC v. Ofiesh*, No. 1:16-CV-202, 2017 WL 2633526, *3 (N.D.N.Y. June 19, 2017) (citing *BCI Constr., Inc. v. 797 Broadway Group, LLC*, Nos. 1:16-CV-1077, 1:16-CV-1113, 2017 WL 1743824, *5 (N.D.N.Y. May 3, 2017)). While Mr. Liebowitz may be the "managing partner" of his law firm, he was admitted to the bar on August 19, 2015. As such, his experience and years of practice would seem to dictate that a reasonable hourly rate should be more in line with that of a fourth-year associate. *See Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012) (upholding the district court's determination that the prevailing hourly rates in the Northern District of New York are $210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years of experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals).

Finally, the Court notes Mr. Liebowitz is a prolific filer of copyright infringement actions similar to the present matter. His tactics have led to him being labeled a "copyright troll" by a number of courts. *See, e.g., McDermott v. Monday Monday, LLC*, No. 17-cv-9230, 2018 WL 1033240, *3 n.4 (S.D.N.Y. Feb. 22, 2018). Additionally, like in the present matter, Mr. Liebowitz has regularly been found to have failed to comply with court orders, and was recently sanctioned by one court. *See, e.g., Steeger v. JMS Cleaning Servs. LLC*, No. 17-cv-8013, 2018 WL 1363497, *2-*3 (S.D.N.Y. Mar. 15, 2018) (sanctioning Mr. Liebowitz to monetary sanctions of $2,000 and requiring him to complete four additional CLE credits hours in ethics and professionalism in addition to the amount required biennially by the New York State bar authorities). Moreover, courts in the Southern and Eastern Districts of New York have now begun to regularly require plaintiffs represented by Mr. Liebowitz to file bonds before proceeding further with his lawsuits, after a number of them were dismissed as frivolous from the bench or voluntarily dismissed by the plaintiff when it was made clear that the suits were subject to dismissal. *See Reynolds v. Hearst Comm., Inc.*, No. 17-cv-6720, 2018 WL 1229840, *4 (S.D.N.Y. Mar. 5, 2018) (citing cases).

The Court raises these issues because the Photograph at issue in the present matter was clearly used with Plaintiff's permission by the New York Daily News. Nowhere in the complaint or motion for default judgment does Plaintiff discuss the nature of this license. If Plaintiff granted the Daily News an exclusive license to use his copyrighted material, he will have waived his right to sue the licensee for copyright infringement. *See Reynolds*, 2018 WL 1229840, at *3 (citation omitted). Further, a licensee with an exclusive license is granted the right to sell or to sublicense the copyrighted material without getting the express authorization of the copyright owner. *See id.* (citation omitted). If Plaintiff decides to renew his motion for default judgment,

8

Plaintiff should include an affidavit from Plaintiff set forth the exact nature of any license he had with the Daily News regarding the use of the Photograph.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 11) is **DENIED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall renew his motion for default judgment within **TWENTY (20) DAYS** of the date of this Memorandum-Decision and Order and file a certificate of service demonstrating that the motion has been served on Defendant; and the Court further

**ORDERS** that if Plaintiff fails to renew his motion for default judgment within twenty (20) days of the date of this Memorandum-Decision and Order, this matter will be dismissed and the Clerk of the Court shall enter judgment in Defendant's favor without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 21, 2019
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge